**Charlie WHITE and Clarence Robinson**

**v.**

**CITY OF EVANSVILLE, INDIANA,
a Municipal Corporation.**

**No. EV 69–C–90.**

United States District Court,
S. D. Indiana,
Evansville Division.

Feb. 3, 1970.

Sydney L. Berger, Evansville, Ind., for plaintiff.

Robert S. Matthews, Ronald Warrum, Jerry P. Baugh, Toby D. Shaw, Evansville, Ind., for defendant.

## OPINION

HOLDER, District Judge.

The matter came on for a bench trial and the evidentiary phase thereof was concluded on December 19, 1969 upon the issues of count one of the October 13, 1969 complaint as amended on November 17, 1969 and as further amended on December 19, 1969 and the answer thereto consisting of three defenses.

The parties having waived oral argument submitted their argument by way of post trial briefs and proposed findings of facts, conclusions of law and judgment entries, the last of which was filed January 22, 1970.

Charlie White and Clarence Robinson are Negro citizens of the State of Indiana and of the United States of America. They are laborers and for a number of years have competently and in a good workmanlike manner laid sewer tile as a part of their occupation in performance of their service for leading general contractors and plumbing contractors in and in the vicinity of the City of Evansville, Indiana. They are members of a Union who has a binding collective bargaining contract with such contractors. The contract, among other things, provides that the work of the Union members includes the laying of sewer pipe for main sewers or side sewers and from main or side sewers to buildings or structures.

The City of Evansville is a municipal corporation in the State of Indiana organized and existing under and by virtue of the laws of that State. At all times material to the issues of the action there was a certain Ordinance of that City the pertinent parts of which read as follows:

"1311.01(c) Master Plumber. 'Master plumber' shall mean any person duly licensed as herein required and engaged in the business of contracting for the installation, either directly or indirectly, of water supply distributing pipes, the fixtures and fixture traps or other apparatus for bringing in the water supply and removing liquid and water-carried wastes within buildings or on any premises including connection with sewer or disposal systems within the City, or engaged in the repairs to the same for which a permit is required."

"1311.01(d) Journeyman Plumber. 'Journeyman plumber' shall mean a workman who is qualified and competent in the trade of plumbing and who is employed by a registered and licensed plumber."

"1311.02(a) No person shall do any work designated under this chapter or any other section of this Building Code without first having obtained the required license or certificate as may be required under this Code. The persons required to obtain a license and certificate pursuant to this provision shall include, but not be limited to, all persons engaged in or practicing the following trades and crafts: (1) electrical, (2) plumbing, (3) sheet metal installing, (4) steam fitting, (5) refrigeration installing, (6) sign erection and (7) building wrecking."

Based upon such Ordinance, the City has required and does now require that no person shall engage in the work of laying of sewer pipe from main sewers or side sewers to buildings or structures on private real estate without first obtaining a plumbing license excepting for dwelling owners doing their own work on their own structures. In addition the City has required and does now require a written permit be obtained from it before the performance of any work on sewer lines and for an inspection and approval of the work by the City Plumbing Inspector. The City and such Ordinance do not require such plumbing license of any person who lays sewer pipe for main sewers or side sewers in real estate other than that privately owned and possessed, such as public ways.

For more than thirty (30) years, laborers have laid and continue to lay sewer pipe outside of buildings, inside and outside of private and public property lines in other cities, including the City of Indianapolis, in the State of Indiana. Their work has been competent and has not created a hazard to any organized community. There is no difference in materials used or skills required, the manner in which the work is to be performed, or the effect on the life, health or property of the residents of the City, whether sewer pipe which

is laid outside of buildings, is laid inside, outside or across a public or private property line except for the degree of inspection by the City. All sewer work done under a public contract has greater intensity of inspection by the City than does the sewer work done on and in private property under private contract. It is obvious that the public contract inspection is more intense because of the effect that such massive sewer work could have on life, health or property of the residents of the City. No more inspection by the City is or will be required of the work done by the plaintiffs on and in private property than is required by the Ordinance of similar work done by plumbers. The quoted portion of said Section 1311.01(c) of said Ordinance, on its face and as applied by defendant as hereinabove set out, prevents plaintiffs and other laborers, and contractors from carrying out the provisions of the aforesaid agreement between Local 561 and the contractors, in that laborers, including plaintiffs, are not permitted to perform the work of laying sewer pipe outside of buildings, inside property lines, in the City of Evansville, although said work is called for by said agreement. The quoted portion of said Section 1311.01(c) of said Ordinance, on its face and as applied by the defendant as hereinabove set out, prevents plaintiffs and other laborers from performing part of the work of their occupation as laborers, namely the laying of sewer pipe outside of buildings, inside property lines, which work they perform and which occupation they follow for their livelihood.

There are no Negroes who are licensed to be journeymen or master plumbers by the defendant, City of Evansville. The quoted portion of said Section 1311.01(c) of said Ordinance on its face and as applied by the defendant as hereinabove set out, has resulted in *de facto* discrimination against persons who are Negroes in that it has prevented any persons who are Negroes, including plaintiffs, from laying sewer pipes outside of buildings, inside the property lines of any real estate in the City of Evansville.

The acts and practice of the defendant, City of Evansville, of depriving laborers, including plaintiffs, under the color of law, namely the aforesaid Ordinance, of the right to follow their occupation and livelihood in laying sewer pipe outside of buildings, inside of property lines, has resulted in irreparable injury to plaintiffs and will result in irreparable injury to plaintiffs in the future, if said custom and practice is permitted to continue.

The following portion of Section 1311.01(c) of the Municipal Code of the City of Evansville, Indiana, deprives plaintiffs, and other laborers, of the equal protection of the laws, and of their liberty and property without due process of law, all in violation of the Fourteenth Amendment to the Constitution of the United States, and it is therefore unconstitutional and invalid:

> "or on any premises including connection with sewer or disposal systems within the city, * * *."

There is no reasonable basis for the classification established by said Section 1311.01(c) of said Ordinance of said Municipal Code of the defendant, City of Evansville, in the following words: " * * * or on any premises including connection with sewer or disposal systems within the City, * * *", which words, on their face and as applied by defendant, make a classification of sewer pipe laid outside of buildings in said City, of such pipe which is laid inside a property line, and such pipe which is laid outside a property line, and requires that a plumber's license be obtained by any person who lays sewer pipe, in the City of Evansville, Indiana, outside of buildings and inside a property line, but does not require that such license be obtained by any person who lays such sewer pipe outside a property line.

The aforesaid classification in the above cited portion of Section 1311.01(c), City of Evansville Municipal Code, bears no reasonable relation to the safe-

guarding of life, health or property of the residents of defendant, City of Evansville, and is arbitrary and unreasonable.

The quoted portion of said Section 1311.01(c) of said Ordinance, on its face and as applied by defendant as hereinabove set out, is arbitrary, unreasonable and discriminatory with respect to plaintiffs and other laborers.

The acts and practice of the defendant, City of Evansville, Indiana, of depriving laborers, including plaintiffs, under color of State law, Ordinance, custom and usage, of the right to follow their occupation and livelihood in laying sewer pipe outside of buildings, inside of property lines, has resulted in a denial of the equal protection of the laws to laborers, including plaintiffs, and is a *de facto* discrimination against Negroes, including plaintiffs, and has deprived plaintiffs and other laborers of their liberty and property without due process of law, all in violation of the Fourteenth Amendment to the Constitution of the United States, and such acts and practice of defendant, City of Evansville, Indiana, is unconstitutional and invalid.

Plaintiffs have suffered and will in the future suffer irreparable injury because of said acts and practice of the defendant. Plaintiffs do not have an adequate remedy at law and are entitled to equitable relief. The defendant, City of Evansville, Indiana, and all of its officers, employees, and agents, should be permanently enjoined from enforcing said portion of said Ordinance hereinabove set out, and from preventing plaintiffs or other laborers from laying sewer pipe outside of buildings, inside property lines, in the City of Evansville, Indiana, because of their occupation, and from refusing to grant permits and approved inspection tags and from refusing to approve jobs on which sewer pipe has been laid by laborers, including the plaintiffs herein, because said sewer pipe was laid by laborers. The defendant, City of Evansville, Indiana, and its officers, employees and agents should be permanently enjoined from interfering with contractors assigning to plaintiffs, or to other laborers in their employ, the work of laying sewer pipe outside of buildings, inside property lines, in the City of Evansville, Indiana, by refusing to grant permits and approved inspection tags and by refusing to approve jobs on which sewer pipe has been laid by laborers, including the plaintiffs herein, because said sewer pipe was laid by laborers.

Plaintiffs are entitled to recover from the defendant, City of Evansville, Indiana, the costs of this action.